**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LAVAN YANKTON**

**VS.**                                                                                         **2:12CV240-KS-MTP**

**WARDEN RAYMOND BYRD**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Petition of Lavan Yankton filed pursuant to 28 U.S.C. § 2254 [1], Response thereto [12], the Report and Recommendation of Magistrate Judge Michael T. Parker [43] and Objections thereto filed by Plaintiff [49]. The Court has considered the above documents, together with the record herein and finds that the Petition should be **denied** and dismissed with prejudice for the following reasons:

### I.  PROCEDURAL HISTORY

Petitioner was convicted of aggravated domestic violence pursuant to Miss. Code. § 97-3-7(4) in the Circuit Court of Forrest County, Mississippi, on April 29, 2009, and was sentenced to a twenty-year term of imprisonment.[1] He is currently in the custody of the Mississippi Department of Corrections and is housed at the Chickasaw County Regional Correctional Facility in Houston, Mississippi.

The facts of Yankton's conviction are as follows. On September 26, 2007, Cynthia Yankton was attacked by her husband, Lavan Yankton, at their apartment in Hattiesburg, Mississippi. Cynthia testified at trial that in the days preceeding the attack, she had left the

---

[1] *See* Jury Verdict and Sentencing of the Defendant by the Court, State Court Record ("SCR") [11-1] at 33-36.

apartment because of an argument with her husband. When Cynthia returned to the home, Yankton was extremely upset due to her absence. Cynthia testified that Yankton grabbed her by the hair, threw her down, and began to kick her. He also struck her several times with a chain. Finally, Yankton picked up a hatchet and ran it across Cynthia's neck, and then hit in her in the back of the head with the blunt side. Cynthia testified that Yankton then ordered her to take off her clothes and lie down beside him on their bed. Yankton placed Cynthia in handcuffs and then fell asleep. Cynthia waited for a few minutes and then called the police.

Several Hattiesburg police officers responded to the scene. Cynthia was taken to the hospital via ambulance, where she received treatment for her injuries. The police then searched the residence. By that time, Yankton had escaped, presumably through a window, as the apartment did not have a back door. While the officers were in the apartment, they discovered the chain and hatchet, as well as several bloodstains. Additional facts regarding Yankton's conviction and trial will be provided as necessary in the analysis below.

Yankton challenged his conviction and sentence on direct appeal in the Mississippi Court of Appeals, raising the following argument (as stated by his appellate counsel):

> Issue One: Whether the trial court erred in allowing the state to put on evidence of other bad acts to show that appellant acted in conformity with said acts and where the trial court did not perform a balancing test.[2]

The Mississippi Court of Appeals affirmed Yankton's conviction and sentence by written opinion on February 8, 2011.[3]

---

[2]*See* Brief of Appellant, SCR [11-4] at 3-27.

[3]*Yankton v. State*, 70 So.3d 253 (Miss. Ct. App. 2011), *reh'g denied* May 31, 2011, *cert. denied* by *Yankton v. State*, 69 So. 3d 767 (Miss. 2011).

Yankton filed his application for post-conviction relief in the Mississippi Supreme Court on January 5, 2012, in which he raised the following issues *pro se*:

Issue One: Trial counsel was ineffective for failing to challenge the admission of evidence that was obtained in violation of the Fourth Amendment;

Issue Two: Trial counsel was ineffective for failing to challenge the admission of inflammatory and prejudicial photographs;

Issue Three: Trial counsel was ineffective because he elicited testimony which ultimately helped the prosecution;

Issue Four: Appellant counsel was ineffective for failing to argue that the state's rebuttal brief incorrectly relied on *McLaurin v. State*, 31 So. 3d 1263 (Miss. 2009), because it was decided after Yankton's trial, and was ultimately relied upon by the Mississippi Court of Appeals in affirming his conviction, resulting in an *ex post facto* violation;

Issue Five: The cumulative effect of errors cited above deprived Yankton of a fair trial; and[4]

Issue Six: The indictment was defective for omitting several elements of aggravated domestic violence, as defined under Miss. Code § 97-3-7.[5]

Yankton's application was denied by the Mississippi Supreme Court on March 14, 2012. The court held, "After due consideration, the panel finds that the claims raised in the petition are without merit and that the motion should be denied."[6]

---

[4]*See* State Court Post-Conviction Application, SCR, [11-6] at 27-35.

[5]This issue was raised in an appendix to Yankton's state court post-conviction application, but was mentioned in his initial brief. *See* State Court Application, SCR, [11-6] at 8-17.

[6]Mississippi Supreme Court Order, [12-2]. On July 19, 2012, Yankton submitted a "Motion to Quash the Indictment" to the Mississippi Supreme Court under his criminal case number. In the motion, Yankton presented challenges similar to those raised in the instant petition. *See* SCR [11-5] at 5-36. However, the Mississippi Court of Appeals denied the motion,

Yankton filed the instant petition on December 7, 2012, raising the following issues:

Ground One: Denial of effective assistance of counsel for failing to challenge admission of evidence seized pursuant to an unconstitutional search;

Ground Two: Indictment was defective for omitting the word "strangle," which is an element of the crime of aggravated domestic violence under Miss. Code § 97-3-7(4);

Ground Three: Indictment was constructively amended by jury instruction S-9 in violation of Yankton's rights because the instruction stated that the jury was not required to find a deadly weapon caused a serious injury to the victim;

Ground Four: Indictment was constructively amended by jury-instruction S-9 in violation of Yankton's rights because the definition of a "deadly weapon" was too broad;

Ground Five: Ineffective assistance of trial counsel for failure to challenge the introduction of inflammatory and prejudicial photographs at trial;

Ground Six: Ineffective assistance of appellate counsel for failing to challenge an *ex post facto* violation;

Ground Seven: Ineffective assistance of trial counsel for failing to request a jury instruction regarding the lesser offense of simple domestic violence;

Ground Eight: The accumulation of errors outlined above violated Yankton's right to due process;

Ground Nine: Ineffective assistance of trial counsel because he elicited testimony that ultimately helped the prosecution;

Ground Ten: The grand jury returned the indictment even though it was

---

noting that the court has entered it opinion affirming Yankton's conviction on February 18, 2011, and that a mandate was issued on October 13, 2011. *Id.* at 4.

not supported by probable cause.[7]

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objections Yankton first addresses Ground Four, which is also listed first in the Report and Recommendation of Judge Parker.  The Report and Recommendation states that Grounds Three and Four were not exhausted.  Yankton's Objection is based on the wording of the indictment and the issue of what is a weapon. These have nothing to do with the exhaustion

---

[7]This ground was raised in Yankton's amended petition [4], which was filed on December 24, 2012. Yankton did not request and was not granted leave to amend. However, in an abundance of caution, the undersigned will address this challenge. As outlined below, Yankton raises this issue for the first time in the instant Petition, and thus, he has failed to properly exhaust this ground.

issue. Without Yankton raising these issues in the state court, this court cannot and should not address them. Yankton points to nothing in the record that shows that he addressed issues Three and Four in the state courts. This Objection is without merit.

**Ineffective Assistance of Counsel.**

The next issue addressed by Judge Parker is Ground Seven in which Yankton claims that his trial counsel was ineffective for failing to request a jury instruction regarding the lesser included offense of simple domestic violence. While Yankton does not specifically address the exhaustion of Ground Seven, Judge Parker found that the brief mention of this challenge in Yankton's state court materials was insufficient to fulfill the exhaustion requirement. The mention was not in the context of an ineffective assistance of counsel claim. Yankton's Ground Seven was not exhausted in the state court and any objection he would have to this portion of the Report and Recommendation is without merit.

**Ground Ten.**

Yankton argues that the grand jury returned an indictment without probable cause. This challenge is raised for the first time in his federal habeas petition. The only way that this issue can be addressed in this court is under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *See Bagwell v. Dredtke*, 372 F. 3d 748, 755 (5th Cir. 2005). Yankton does not address this particular point in his Objections and this Court finds that he has not exhausted this claim and that he is not entitled to either of the exceptions. Ground Ten is without merit.

The Report and Recommendation also addresses grounds that were exhausted, the first of which is ineffective assistance of counsel claim, which are included in Ground One, Five, Six and Nine. Yankton argues that there was not a substantial amount of evidence supporting his

guilt. The record establishes differently. His claim is that but for the errors that counsel made in the trial, that the verdict would have been different. Yankton does not address specifically any of the exhausted grounds. This Court has reviewed the record and the law regarding the exhausted grounds and will address them one at a time.

**Ground One.**

Yankton alleges that there were Fourth Amendment violations and certain evidence was seized improperly. In a rambling statement, Yankton seems to state that the officers were outside of their rights when they went into the home and located certain evidence. The Fourth Amendment issues were completely heard in state court. Petitioner has not proven that his Fourth Amendment claim is meritorious or that the verdict would have been different absent the evidence he sought to have excluded. It is apparent from the record that even if Yankton's attorney had made the motion to suppress the evidence, that it would not have been sustained. Judge Parker's analysis is correct on this point. Also, there was overwhelming evidence presented in testimony by Yankton's wife as to his guilt and multiple photographs were in evidence corroborating her testimony. The conclusion of the Mississippi Supreme Court that the ineffective assistance of counsel claim was not valid was not contrary to or an unreasonable application of clearly established federal law. Yankton's objection to this portion of the Report and Recommendation is not well founded.

**Ground Five.**

This is an additional challenge by Yankton to the effectiveness of his counsel for failing to challenge the introduction of certain inflammatory photographs. The record is clear that these photographs passed muster under applicable state law and the challenge, even if it had been

made, would not have been successful.  The ruling of the Mississippi Supreme Court that this claim did not meet the *Strickland* standard was not contrary to or an unreasonable application of clearly established federal law.

**Ground Six.**

Yankton also agues that appellate counsel was ineffective for overlooking an *ex post facto* violation.  There is a requirement for a balancing test on the introduction of "prior bad acts" pursuant to Rule M.R.E. 403 and/or 404.  His argument is that appellate counsel did not raise the issue of the improper introduction of prior bad acts in the appeal to the Mississippi Supreme Court.  The Mississippi Supreme Court found that Yankton did not overcome the presumption that under the circumstances the challenged action might be considered sound trial strategy.  The record does not support Yankton's objections and the Court finds that the ruling of the Mississippi Supreme Court was not contrary to or an unreasonable application of clearly established federal law.

**Ground Two.**

This is an additional challenge to the indictment raised by Yankton.  He argues that the indictment was ineffective to notify him of the charge against him.  The Fifth Circuit has held that federal habeas relief is not available on this ground unless it can be shown that the indictment was so defective that it deprived the state court of jurisdiction.  It clearly did not.  This portion of the Report and Recommendation will not be disturbed if the issue was presented to the State Supreme Court and if the Court found against Yankton.  It upheld the sufficiency of Yankton's indictment.  In addition, Judge Parker's analysis found that the indictment was sufficient and this Court finds that Yankton's objections to this are not well-taken.  The

Mississippi Supreme Court's denial of post conviction relief was not contrary to or an unreasonable application of established federal law on this ground, and the Court finds that this ground is not well-taken.

**Ground Eight.**

Yankton argued that the cumulative effect of the other errors deprived him of a fair trial. As stated above, the Court finds that there are no errors and, therefore, this ground is also baseless.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Lavan Yankton's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Yankton's  claim is **dismissed with prejudice**. All other pending motions are denied as moot.

**SO ORDERED this, the 10th day of <u>December </u>, 2015.**

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE
